# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CRAIG KENNETH SPRY,
               Appellant,

      v.

DEPARTMENT OF LABOR,
               Agency.

DOCKET NUMBER
AT-3330-14-0133-I-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Craig Kenneth Spry, St. Petersburg, Florida, pro se.

Kristina Harrell, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which characterized his appeal as a Veterans Employment Opportunities Act of 1998 (VEOA) claim and dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In his initial appeal, the appellant alleged that the agency had committed various errors in connection with the selection process for a supervisory position. Initial Appeal File (IAF), Tab 1 at 5-7. He indicated that he was entitled to veterans' preference, *id*. at 1, and alleged that the agency had "purposely deceived a [d]isabled [v]eteran," *id*. at 6. The appellant further alleged that he was not selected because a "favored applicant" was instead hired. *Id*. at 7. The appellant also alleged that the agency engaged in a "prohibited personnel practice" when it "committed the grievous act of covering a probationary employee's error." *Id*. at 5.

¶3    The administrative judge informed the appellant that he appeared to be raising a VEOA claim and ordered him to submit a statement concerning jurisdiction. IAF, Tab 3 at 1, 6-7. The appellant did not respond. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction under VEOA. IAF, Tab 8 at 1-3, Initial Decision (ID). On petition for review, the appellant argues that he is not claiming a violation of his veterans' preference rights but instead claims that he was denied "the fairness obligated to

all citizens who apply for employment with the Federal Government." Petition for Review (PFR) File, Tab 1 at 4-5.[2]

¶4     The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). It is well settled that the Board generally lacks jurisdiction to review an agency's decision not to select a particular applicant for a vacant position. *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 8 (2012). Exceptions to this general rule exist in the context of an individual right of action (IRA) appeal under the Whistleblower Protection Act and when the unsuccessful candidate claims that the agency's decision was in violation of his rights under VEOA or the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). *Id*. The appellant has not presented any argument or evidence regarding a USERRA claim or an IRA appeal. IAF, Tab 1; PFR File Tab 1. Jurisdiction is therefore not warranted on these bases. 5 U.S.C. §§ 2302(b)(8), 1221(a); 38 U.S.C. § 4311(a); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998).

¶5     As to VEOA, the administrative judge dismissed the appellant's claim for lack of jurisdiction, finding that the appellant had not exhausted his administrative remedy with the Department of Labor. ID at 1, 3. On petition for review, the appellant states that he is not raising a VEOA claim. PFR File, Tab 1 at 4-5. However, he has not identified any basis for the Board to exercise

---

[2] We note that the appellant submitted additional evidence on petition for review. PFR File, Tab 1. However, this evidence does not address the matter of Board jurisdiction at issue in this case and is therefore not new and material. 5 C.F.R. § 1201.115.

jurisdiction in this case and we are not aware of any.[3]  Thus, we affirm the administrative judge's decision to dismiss the appellant's appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[3] The appellant's allegation in general terms that the agency committed a prohibited personnel practice is not an independent basis for Board jurisdiction. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012).

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.